STATE OF MINNESOTA

IN SUPREME COURT

A24-1915

Court of Appeals                                                                    Moore, III, J.

CVC Investments LLP, et al.,

      Respondents/Cross-Appellants,

vs.                                                                          Filed: August 5, 2026
                                                                 Office of Appellate Courts
State Farm Fire and Casualty Company,

      Appellant/Cross-Respondent.

_____

Edward E. Beckmann, Beckmann Law Firm, LLC, Bloomington, Minnesota, for respondents/cross-appellants.

Ariel K. Lierz, Luke J. Wolf, Samuel J. Logterman, Spencer Fane LLP, Minneapolis, Minnesota, for appellant/cross-respondent.

_____

S Y L L A B U S

1.      An insured does not establish a justiciable controversy sufficient to support a declaratory judgment claim by alleging only that it demanded appraisal and tolling of the limitations period and that the insurance company had not agreed to either demand, when the insurance company was not yet obligated to respond.

2.      An insured does not establish a justiciable controversy sufficient to support a breach-of-contract claim by alleging that an insurance company's future denial of an

1

appraisal demand or future refusal to pay an appraisal award would breach the insurance policy.

Affirmed in part, reversed in part.

O P I N I O N

MOORE, III, Justice.

Respondents and cross-appellants CVC Investments, LLP and MJC Investments, LLC (collectively "CVC"), own property that sustained storm damage and was insured under a policy issued by appellant and cross-respondent State Farm Fire and Casualty Company ("State Farm"). Relevant here, the insurance policy provided that either party may demand appraisal if they disagreed on the value of the property or extent of the loss. The opposing party would then have 20 days within which to respond to the demand by selecting an appraiser. Separately, the policy also included a limitations period provision that required any lawsuit against State Farm to be brought within two years of the date on which the loss occurred.

Four days before the two-year limitations period was set to expire, CVC filed insurance claims for the storm damage to its property and demanded that State Farm toll the limitations period. Two days before the limitations period expired, CVC demanded appraisal. The day the limitations period expired, and exactly two years after the loss, CVC sued State Farm, asserting claims for declaratory judgment and breach of contract based on allegations that State Farm had not agreed to CVC's demands for tolling or appraisal.

2

The district court granted State Farm's motion to dismiss the complaint for failing to state a claim upon which relief can be granted and for lack of subject matter jurisdiction because of the absence of a justiciable controversy. The court of appeals affirmed in part and reversed in part, concluding that although the complaint did not allege a justiciable controversy as to the breach-of-contract claim, it did as to the declaratory judgment claim. Because, like the district court, we conclude that CVC failed to allege a justiciable controversy as to either claim—a prerequisite to establishing subject matter jurisdiction—we affirm in part and reverse in part the decision of the court of appeals and reinstate the district court's dismissal order.

**FACTS**

CVC owns three apartment buildings and associated garages in Rice County. Several of these structures sustained storm damage on April 12 and May 19, 2022.[1] At that time, State Farm insured the property.

The insurance policy imposed obligations on both parties for resolving a claim for loss to covered property. The policy also outlined a process for appraising any loss to the property if CVC and State Farm ultimately disagreed on the loss. That process allowed

---

[1] These facts come from the allegations in CVC's complaint and the insurance policy State Farm submitted with its motion to dismiss. *See Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 606 (Minn. 2014) (stating that when the court reviews a motion to dismiss it must "accept the facts alleged in the complaint as true and construe all reasonable inferences in favor of the nonmoving party"); *N. States Power Co. v. Minn. Metro. Council*, 684 N.W.2d 485, 490 (Minn. 2004) (explaining that a court may nonetheless "consider documents referenced in a *complaint* without converting the motion to dismiss to one for summary judgment").

either party a 20-day period to respond to the other party's demand for appraisal.

Specifically, the policy appraisal provision stated:

> If [State Farm] and [CVC] disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. Each party will notify the other of the selected appraiser's identity within 20 days after receipt of the written demand for an appraisal. The two appraisers will select an umpire. If the appraisers cannot agree upon an umpire within 15 days, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
> (1) Pay its chosen appraiser; and
> (2) Bear the other expenses of the appraisal and umpire equally.
> If there is an appraisal, [State Farm] will still retain [its] right to deny the claim.

The policy also prohibited CVC from suing State Farm for its performance under the contract unless CVC fully complied with all policy terms and brought the action within two years of the date of the property loss.

On April 8, 2024, CVC's public adjuster filed insurance claims for the damage its property sustained during the storms. These claims included a demand to toll the two-year limitations period for filing a lawsuit under the policy. On April 10, 2024, CVC's public adjuster demanded appraisal. State Farm had not agreed to either demand by 10:00 a.m. on April 12, 2024.

On April 12, 2024—exactly two years after the first storm—CVC served a complaint on State Farm asserting two claims. The first claim was for declaratory judgment. CVC generally sought declarations about two types of matters: coverage and appraisal. In the coverage category, CVC asked the court to declare, based on either state

4

statutes or the policy terms, that the insurance policy covers hail damage, that the policy must cover hail damage, that apportionment of damage between the two storms is not legally significant, and that CVC has a right to interest. In the appraisal category, CVC asked the court to declare that it is entitled to an appraisal establishing full coverage for loss, which must include costs necessary to satisfy building code requirements. CVC also alleged that "an adjudicable controversy exists between State Farm and [CVC] with respect to the scope of the Losses" under the Uniform Declaratory Judgments Act, Minn. Stat. §§ 555.01-.16. The second claim was for breach of contract. For that claim, CVC alleged that any *future* denial of an appraisal, or *future* refusal to pay a valid appraisal award, would breach the insurance policy.

State Farm moved to dismiss the complaint under Minn. R. Civ. P. 12.02(a), (e), and (f), eventually amending the motion to seek dismissal exclusively under Minn. R. Civ. P. 12.02(a) and (e). CVC opposed State Farm's motion; it also moved to compel appraisal and stay discovery.

The district court addressed both parties' motions in a single order. It dismissed the complaint without prejudice under both Minn. R. Civ. P. 12.02(a) and (e), concluding that CVC failed to allege a justiciable controversy and, consequently, that the court lacked subject matter jurisdiction and that the complaint failed to state a claim upon which relief could be granted. Based on its dismissal of the complaint, the district court denied, as moot, CVC's motion to compel appraisal and stay discovery.

CVC then filed a letter requesting that the district court amend its order to expressly state that CVC had the right to refile its complaint, arguing that otherwise its

5

claims may be barred by the limitations period. The district court construed the letter as a motion for relief from judgment and a request to move for reconsideration and denied it. *See* Minn. R. Civ. P. 60.01-.02;[2] Minn. Gen. R. Prac. 115.11.[3] CVC did not appeal this order, but it did appeal the district court's order dismissing the complaint.

The court of appeals affirmed in part and reversed in part. *CVC Invs. LLP v. State Farm Fire & Cas. Co.*, No. A24-1915, 2025 WL 1553012, at *2–4 (Minn. App. June 2, 2025). It affirmed the district court's dismissal of CVC's breach-of-contract claim because the complaint did not allege a justiciable controversy as to that claim. *Id.* at *2. But the court of appeals concluded that CVC sufficiently alleged a justiciable controversy as to the declaratory judgment claim. *Id.* at *2. Accordingly, the court of appeals reversed the district court's dismissal of the declaratory judgment claim and remanded the case for further proceedings. *Id.* at *4.

State Farm petitioned our court for further review of the court of appeals' determination that the complaint set forth a justiciable controversy to support the declaratory judgment claim. CVC opposed the petition but requested that if we were to

---

[2]     Minnesota Rule of Civil Procedure 60 authorizes a district court to grant a party relief from a judgment or order based on mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, and other specified grounds. Minn. R. Civ. P. 60.01-.02.

[3]     "Motions to reconsider are prohibited except by express permission of the court, which will be granted only upon a showing of compelling circumstances. Requests to make such a motion, and any responses to such requests, shall be made only by letter to the court of no more than two pages in length, a copy of which must be served on all opposing counsel and self-represented litigants." Minn. Gen. R. Prac. 115.11.

grant review, that we also review the court of appeals' determination that its breach-of-contract claim was not justiciable. We granted review of both issues.

## ANALYSIS

This appeal arises from the district court's dismissal of claims for failing to state a claim upon which relief can be granted under Minn. R. Civ. P. 12.02(e) and for lack of subject matter jurisdiction under Minn. R. Civ. P. 12.02(a), both based on the absence of a justiciable controversy. We review a district court's decision to grant a motion to dismiss de novo. *Cocchiarella v. Driggs*, 884 N.W.2d 621, 624 (Minn. 2016). Whether a justiciable controversy exists is a question of law that we also review de novo. *McCaughtry v. City of Red Wing*, 808 N.W.2d 331, 337 (Minn. 2011).

Under Minn. R. Civ. P. 12.02(e), a party may move to dismiss a complaint for the failure to state a claim upon which relief can be granted. A claim in a complaint survives such a motion "if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded." *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 603 (Minn. 2014). When reviewing a motion to dismiss for failure to state a claim, we must "accept the facts alleged in the complaint as true and construe all reasonable inferences in favor of the nonmoving party." *Id.* at 606. Additionally, we may "consider documents referenced in a complaint." *N. States Power Co. v. Minn. Metro. Council*, 684 N.W.2d 485, 490 (Minn. 2004) (emphasis omitted). Matters outside the complaint's allegations or the documents referenced in it may not be considered without converting the motion to dismiss for failure to state a claim into one for summary judgment. *See* Minn. R. Civ. P. 12.02; *N. States Power Co.*, 684 N.W.2d at 490.

7

Under Minn. R. Civ. P. 12.02(a), a party may move to dismiss an action for lack of subject matter jurisdiction. Subject matter jurisdiction refers to the court's "authority to hear the type of dispute and to grant the type of relief sought." *Williams v. Smith*, 820 N.W.2d 807, 812–13 (Minn. 2012). A justiciable controversy must exist for the court to have jurisdiction over a claim. *Growe v. Simon*, 2 N.W.3d 490, 499 (Minn. 2024). A court must dismiss a case if it lacks subject matter jurisdiction. *Williams*, 820 N.W.2d at 813; Minn. R. Civ. P. 12.08(c).

The issue before us is whether either of CVC's claims presents a justiciable controversy sufficient to establish subject matter jurisdiction and state a claim for relief. A justiciable controversy exists if a claim "(1) involves definite and concrete assertions of right that emanate from a legal source, (2) involves a genuine conflict in tangible interests between parties with adverse interests, and (3) is capable of specific resolution by judgment rather than presenting hypothetical facts that would form an advisory opinion." *McCaughtry*, 808 N.W.2d at 336. We discuss each of CVC's claims in turn.

## I.

CVC's first claim is for a declaratory judgment. The Uniform Declaratory Judgments Act authorizes courts to "declare rights, status, and other legal relations whether or not further relief is or could be claimed." Minn. Stat. § 555.01. A declaratory judgment is "remedial" in nature—it is "intended to settle and to afford relief from uncertainty with respect to rights, status, and other legal relations." *Holiday Acres No. 3 v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 271 N.W.2d 445, 447 n.2 (Minn. 1978). But the Uniform Declaratory Judgments Act does not create new rights: "A declaratory

8

judgment is a procedural device through which a party's *existing* legal rights may be vindicated *so long as a justiciable controversy exists*." *Weavewood, Inc. v. S & P Home Inv., LLC*, 821 N.W.2d 576, 579 (Minn. 2012) (emphasis added) (citation omitted) (internal quotation marks omitted); *see also McCaughtry*, 808 N.W.2d at 337 ("[A] declaratory judgment action must present an actual, justiciable controversy."). "[T]he applicable substantive law and the basic character of the lawsuit do not change simply because a complainant requests declaratory relief." *Weavewood, Inc.*, 821 N.W.2d at 579. "To the contrary, a complaint requesting declaratory relief must present a substantive cause of action that would be cognizable in a nondeclaratory suit." *Id.* (citation omitted) (internal quotation marks omitted).

The Uniform Declaratory Judgments Act specifically authorizes courts to construe a contract "either before or after there has been a breach thereof." Minn. Stat. § 555.03. That said, there are limits. As a "minimum requirement," a plaintiff must "possess a bona fide legal interest which has been, or with respect to the ripening seeds of a controversy is about to be, affected in a prejudicial manner." *State ex rel. Smith v. Haveland*, 25 N.W.2d 474, 477 (Minn. 1946). Put another way, a plaintiff must show a past or imminent injury. *See Lee v. Delmont*, 36 N.W.2d 530, 537 (Minn. 1949) ("Issues which have no existence other than in the realm of future possibility are purely hypothetical and are not justiciable. Neither the ripe nor the ripening seeds of a controversy are present. … [A litigant] must show an injury or at least one that is imminent.").

The court of appeals concluded that CVC set forth a justiciable controversy as to its declaratory judgment claim because CVC alleged that it demanded appraisal and

9

tolling of the limitation period from State Farm, that State Farm had not agreed to either demand, and that there was an adjudicable controversy between the parties. *CVC Invs. LLP*, 2025 WL 1553012, at *2–3. State Farm argues that this determination was incorrect because the complaint fails to allege any active disagreement between the parties. CVC, for its part, asks us to affirm this determination, arguing that its demand for coverage under the policy constitutes an adjudicable controversy given the adversarial relationship of the parties to an insurance contract. CVC further contends that the existence of an adjudicable controversy is confirmed by other facts not referenced in the complaint: that State Farm denied coverage for hail damage once before, which was the basis for a prior lawsuit between the parties; and that, after CVC served its complaint, State Farm denied coverage and did not appoint an appraiser within 20 days, as required under the policy and statute, *see* Minn. Stat. §§ 65A.01, subd. 3; 65A.26.

We first identify the facts within the scope of our review. Then, we determine whether CVC's declaratory judgment claim presents a justiciable controversy, considering the parties' arguments and the court of appeals' rationale.

A.

When reviewing a motion to dismiss, we limit our review to the factual allegations in the complaint and documents referenced therein. *See N. States Power Co.*, 684 N.W.2d at 491. CVC bases its argument in part on facts beyond the complaint, including the prior lawsuit between the parties and State Farm's actions and inactions after the complaint was filed.

10

CVC does not explain why events predating the complaint but not referenced therein—including State Farm's prior denial of coverage for hail damage in a separate claim, and the circumstances of a prior lawsuit between the parties—fall within the scope of our review in determining whether the complaint states a claim upon which relief can be granted. If CVC believed those prior events were relevant, it could have alleged them in the complaint. Because it did not, we do not consider those events here.

CVC also argues that it can rely on facts that occurred after the complaint was filed because ripeness does not turn solely on pre-suit events. Although an imminent injury—that is, an injury very likely to happen soon—is sufficient for a claim to be ripe, and "ripeness [is] relevant to the question of justiciability," a justiciable conflict "must exist at the *outset* and during the proceedings." *State ex rel. Ford v. Schnell*, 933 N.W.2d 393, 402 (Minn. 2019) (emphasis added). CVC cites no authority suggesting that a plaintiff may rely on post-complaint facts in response to a motion to dismiss the claims appearing in that complaint, nor use post-complaint facts to demonstrate that the plaintiff's injury was imminent at the time it served its complaint.[4] Accordingly, our

---

4    CVC asserts, without explanation, that two citations from the court of appeals' opinion in *Leiendecker v. Asian Women United of Minnesota*, 731 N.W.2d 836, 841 (Minn. App. 2007)—*State v. Colsch*, 284 N.W.2d 839, 841 (Minn. 1979), and *Minnesota Practice* § 13.3 (2002)—demonstrate that Minnesota law does not assess the ripeness of claims in a complaint at the time of filing, but that the law considers whether the controversy matures after the filing and before the defendant's deadline to answer the complaint.
    In *Colsch*, a defendant was convicted of possessing controlled substances with an intent to sell. 284 N.W.2d at 840. Among other things, the defendant appealed a condition of his probation that required him to submit to warrantless searches upon request. *Id.* at 841. We held that this challenge was speculative and premature because law enforcement had not conducted a search under the condition. *Id.* at 842. We reiterated that the

11

motion to dismiss analysis is limited to the factual allegations in the complaint and the documents referenced therein, and we will not consider additional allegations included only in CVC's briefing.

B.

Having reaffirmed that the scope of our review is limited to the factual allegations in the complaint and documents referenced in it, we return to the primary issue before us: whether CVC's declaratory judgment claim presents a justiciable controversy. We conclude it does not.

CVC failed to allege facts demonstrating a genuine conflict between the parties. Although CVC alleged that it demanded appraisal—something either party may do if there is a disagreement on the value of the property or the amount of the loss—it did not allege facts supporting an inference that the parties actually disagreed about the value of the property or the amount of the loss. CVC also alleged that it demanded State Farm toll

---

defendant needed to "show a direct and imminent injury" to establish that a justiciable controversy existed. *Id.* at 841. The court of appeals in *Leiendecker* cited *Colsch* solely for the proposition that a litigant must show a "direct and imminent injury" to establish a justiciable controversy. 731 N.W.2d at 841. *Colsch* does not suggest that a plaintiff may rely on post-complaint facts to demonstrate that, at the time it served its complaint, the plaintiff's injury was imminent.

Section 13.3 of the 2002 edition of *Minnesota Practice* discusses compulsory counterclaims and the circumstances in which a defendant must assert a counterclaim. 1 David F. Herr & Roger S. Haydock, *Minnesota Practice*, 327 (3d ed. 2002) (section 13.3). In this context, the treatise explains that "[c]laims maturing after commencement of the action, but before service of the defendant's answer is due must be pleaded by the defendant." *Leiendecker* cited *Minnesota Practice* for this precise proposition. But this concept focuses on whether a *defendant* may rely on facts arising after the service of the complaint when bringing a *counterclaim*. It does not support the proposition that a plaintiff may rely on facts arising after service of the complaint in response to a motion to dismiss the claims appearing in that complaint.

the limitations period, but it did not allege that State Farm disputed CVC's request, nor did it allege that CVC had a legal right to demand tolling at that time.

Nor does the complaint otherwise allege a genuine controversy. CVC alleged only that, by the time it filed suit, State Farm had not agreed to its demands. But the absence of agreement is not necessarily a disagreement, particularly given the short time between the demands and the filing of the complaint. Likewise, CVC neither alleged that State Farm disputed the other matters on which CVC seeks declaratory relief nor identified facts establishing a genuine controversy as to those matters.

At most, CVC's complaint supports the reasonable inference that State Farm was silent during the four days between CVC filing its insurance claims and serving its complaint. Silence, absent an obligation to respond, does not create a controversy.[5] There are no allegations of such an obligation here. And indeed, even if CVC's demand for appraisal were one for which State Farm owed a response, the policy gives State Farm up to 20 days to respond by naming its own appraiser. CVC does not establish a justiciable controversy sufficient to support a declaratory judgment claim. It alleges that it demanded appraisal and tolling of the limitations period and that State Farm had not agreed to either demand. But State Farm was under no obligation to respond at the time CVC served its complaint.

---

[5] Our holding today does not mean an insurance company may perpetually ignore an insurance claim. Our conclusion rests on the limited allegations in this complaint. Those allegations describe only a few days without a response, and they do not establish that a dispute had arisen between the parties. Whether silence might have a different significance in other circumstances remains a question for another day.

## C.

CVC's arguments to the contrary lack merit. CVC's assertion that a genuine controversy exists because an insurer and insured are opposing parties in an insurance contract is unsupported by authority. It is also unworkable. If taken to its logical conclusion, CVC's argument would mean that parties to an insurance policy, or any other contract, could race to the courthouse for a declaration of rights under the contract before the ink is dry on the parties' signatures and long before any dispute arises—if one ever arises at all. A judicial decision in such circumstances would undoubtedly be an advisory opinion. *Cf. Scheibel v. Pavlak*, 282 N.W.2d 843, 848 (Minn. 1979) (stating that an advisory opinion often calls for "speculative resolution of a hypothetical dispute which has not yet arisen in fact"). The simple fact that parties have entered into an insurance contract does not mean that a genuine conflict exists.[6]

CVC argues that State Farm's silence allowed it to run out the limitations period in which CVC can bring claims against it, but this argument is also unpersuasive. First, it is irrelevant to the standard we apply when reviewing a motion to dismiss. Our focus is on whether the complaint sets forth a justiciable controversy. Whether a limitations period will bar CVC from refiling its complaint, and who may bear responsibility for the

---

[6]    Relatedly, CVC argues that by enacting Minn. Stat. § 65A.01, subd. 3—which specifies policy provisions that must be included in an insurance policy regulated under that chapter—the Legislature recognized the adversarial relationship between an insurer and insured and authorized pre-breach relief. That the Legislature requires certain contractual terms in insurance policies does not change our conclusion that being a party to a contract does not, on its own, mean that a conflict exists.

14

running of the limitations period if it does, is beyond the scope of our consideration. Second, even if we were to consider this argument, it is unpersuasive under the circumstances presented here. By waiting until the final day of the two-year limitations period to commence this action, CVC assumed the risk that a dismissal without prejudice would leave it unable to refile its claims before the limitations period expired. The expiration of the limitations period was not attributable to State Farm alone.

Finally, CVC argues that a declaratory judgment may be awarded on a contract even in the absence of a breach. While CVC is correct that a declaratory judgment regarding the terms of a contract may be available before a breach occurs, a declaratory judgment still requires a conflict based on existing facts. *See* Minn. Stat. § 555.03 ("A contract may be construed either before or after there has been a breach thereof."); *McCaughtry*, 808 N.W.2d at 336 (stating that a justiciable controversy requires a "genuine conflict" not based on "hypothetical facts"). The allegations do not support the reasonable inference that State Farm took any position on CVC's claims or demands, let alone a contrary one.

### D.

The court of appeals' analysis also relies on unreasonable inferences from the allegations in the complaint. *See Walsh*, 851 N.W.2d at 606 (stating that we only consider "reasonable inferences" from "the facts alleged in the complaint" when reviewing whether a complaint states a claim upon which relief can be granted). First, the court of appeals seemed to conclude that because CVC alleged that it demanded appraisal, it is reasonable to infer that CVC and State Farm disagreed about the amount of the loss. *CVC*

15

*Invs. LLP*, 2025 WL 1553012, at *3 ("CVC alleged that it had demanded appraisal from State Farm, an act that occurs when the parties 'disagree on the value of the property or the amount of loss.'"). This inference is unreasonable given the allegations in this complaint. The insurance policy provides that if there is disagreement, then a party may demand appraisal. But a party's demand for appraisal, standing alone, does not establish that a disagreement exists. We accept as true CVC's allegation that it demanded appraisal, but no allegations support a reasonable inference that a disagreement preceded that demand. In fact, the timeline presented in the allegations does not even support a reasonable inference that State Farm had formed a position on the value of the property or the amount of the loss at the time that CVC demanded appraisal.

Second, the court of appeals concluded that alleging State Farm had not agreed to appraisal or tolling supports the reasonable inference that State Farm disagreed with those demands. *Id.* ("State Farm had not 'agreed to tolling the period of limitations or agreed to appraise the matter.' While State Farm is not obligated to enter into a tolling agreement, it is reasonable to infer from these allegations that State Farm's alleged refusal to do so implicates the insureds' legal interest in the determination of the scope of the loss."). But the lack of agreement is not necessarily the presence of disagreement. Stated another way, an allegation that State Farm had *not agreed* to enter into a tolling agreement is different from an allegation that State Farm had *refused* to do so. By equating the two, the court of appeals erred. Moreover, as earlier explained, CVC did not allege, nor did the insurance policy contain, any facts supporting the inference that State Farm was obligated to toll the limitations period. CVC cannot manufacture a genuine dispute by unilaterally

16

demanding something to which it has no legal right. And even if CVC had a legal right to appraisal, the policy gave State Farm 20 days to respond by naming an appraiser, and that period had not yet expired when CVC served its complaint.

Third, the court of appeals accepted as true CVC's conclusory assertion that "an adjudicable controversy exists between State Farm and [CVC] with respect to the scope of" CVC's claims. *Id.* Whether a justiciable controversy exists is a legal issue. *See McCaughtry*, 808 N.W.2d at 337. Legal conclusions are not binding on our analysis, and we give them no deference. *Walsh*, 851 N.W.2d at 607 n.3 ("[W]hen determining whether a complaint survives a motion to dismiss for failure to state a claim, we are not bound by the legal conclusions pleaded …."); *Clapp v. Sayles-Adams*, 15 N.W.3d 648, 653 n.6 (Minn. 2025) ("We rely on the facts stated in Clapp's complaint and accept them as true, but we give no deference to her legal conclusions.").

Lastly, the court of appeals found support for its holding on the justiciability of CVC's declaratory judgment claim in Minnesota's notice-pleading standard, which "does not require absolute specificity in pleading, but rather requires only information sufficient to fairly notify the opposing party of the claim against it." *CVC Invs. LLP*, 2025 WL 1553012, at *3 (quoting *DeRosa v. McKenzie*, 936 N.W.2d 342, 346 (Minn. 2019)). It also found support in the remedial purpose of the Uniform Declaratory Judgments Act. *Id.* (citing *Holiday Acres No. 3*, 271 N.W.2d at 447 n.2). Notwithstanding Minnesota's liberal notice-pleading standard and the remedial purpose of the Uniform Declaratory Judgments Act, a declaratory judgment still requires the existence of a justiciable controversy, which in turn must be supported by allegations in the pleadings showing a

17

genuine conflict between the parties. *See McCaughtry*, 808 N.W.2d at 336. The factual allegations in CVC's complaint do not support the reasonable inference that a genuine conflict on non-hypothetical facts exists, even under our liberal notice-pleading standard. There are simply no allegations of a disagreement or dispute. A unilateral demand for appraisal, tolling, and insurance coverage coupled with two to four days of silence from the insurer—when there is no legal obligation to respond during that time—does not establish a justiciable controversy.

At bottom, we agree with an argument presented by State Farm: that CVC's declaratory judgment claim is effectively a placeholder lawsuit. It appears to be an attempt to preserve CVC's ability to sue State Farm under the policy if the parties were to disagree about the coverage or terms of the policy after the limitations period expired. We rejected such placeholder lawsuits in *Oanes v. Allstate Ins. Co.*, 617 N.W.2d 401 (Minn. 2000). In *Oanes*, we were asked to determine when a cause of action accrues for an underinsured motorist claim. 617 N.W.2d at 402. Existing precedent confirmed that a claim accrued at the time of the injury-causing accident, but also that a claim was not ripe until it was determined that the tortfeasor was underinsured. *Id.* We acknowledged that "the confluence of these decisions creates the possibility that the statute of limitations could run on a[n] [underinsured motorist] claim before it becomes ripe." *Id.* at 402. We confronted the suggestion that this issue could be avoided if a plaintiff sues before the statute of limitations expires and then requests that the court stay the proceedings until the claim becomes ripe. *Id.* at 405. We rejected the concept. *Id.* at 405–06. We explained that such a procedural approach—"in which no justiciable controversy currently exists or

18

may ever exist"—comes at a cost to the parties and burdens the court's finite resources. *Id.* at 406. The same reasoning applies here.

II.

Having concluded that CVC's complaint fails to establish a justiciable controversy as to its declaratory judgment claim, we analyze the same question as to CVC's second claim for breach of contract. To state a breach-of-contract claim, a plaintiff must allege facts showing the "(1) formation of a contract, (2) performance by plaintiff of any conditions precedent to his right to demand performance by the defendant, and (3) breach of the contract by defendant." *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 (Minn. 2011).

Short of an actual breach, a plaintiff may sue for an anticipatory breach. *Space Ctr., Inc. v. 451 Corp.*, 298 N.W.2d 443, 450 (Minn. 1980). Anticipatory breach is a term of art. It occurs when "one party to an executory contract, before the performance is due, expressly renounces the same and gives notice that he will not perform it." *Id.* at 450 (quoting *Matteson v. United States & Canada Land Co.*, 115 N.W. 195, 196 (Minn. 1908)). "[T]he refusal to perform must in effect be an unqualified renunciation or repudiation of the contract." *Id.* (quoting *Matteson*, 115 N.W. at 197). In addition to an express declaration, an anticipatory breach also occurs if "a party to an executory contract places itself in a position where it cannot perform the contract, or where the party otherwise prevents performance of the contract." *Id.* Anticipatory breach does not arise simply from a plaintiff's doubt about the defendant's ability to perform. *Id.* at 450–51.

19

A.

The court of appeals concluded that CVC did not establish a justiciable controversy as to its breach-of-contract claim. The court of appeals determined that CVC's claim had not ripened into a genuine conflict because it rested solely on the allegation that State Farm's hypothetical future conduct would breach the insurance policy. CVC argues that the court of appeals erred in reaching this conclusion because CVC properly expected that State Farm would breach the contract by failing to uphold its appraisal obligations after the lawsuit began. CVC's position, as State Farm argues, lacks merit.

As with the declaratory judgment claim, so too with the contract claim: in determining whether CVC's complaint sets forth an actual dispute, we will not consider allegations of State Farm's conduct that are not in the complaint. We therefore do not consider any alleged breach that occurred after service of the complaint. Focusing exclusively on the allegations in the complaint, we conclude that CVC failed to allege a justiciable controversy regarding a breach of the insurance policy.

First, CVC failed to allege that State Farm actually breached the policy—an omission that dooms a traditional breach-of-contract claim. The complaint plainly alleges that any possible breach would occur in the future if—and only if—State Farm refused to appraise the loss or pay an appraisal award. A possible breach is precisely the type of "hypothetical" injury that fails "to establish justiciability." *McCaughtry*, 808 N.W.2d at 338.

20

Second, CVC's anticipatory breach argument fares no better. State Farm urges us not to consider this argument, asserting that CVC never raised it before the district court. But even assuming we may consider CVC's anticipatory breach argument, CVC failed to adequately allege an anticipatory breach occurred. Regardless of whether CVC predicted that State Farm would breach the policy, that prediction would not support an inference of anticipatory breach. As discussed above, "anticipatory breach" does not mean merely that one party predicts the other will breach a contract in the future. Rather, it is a term of art that applies only under specific circumstances—circumstances that CVC did not allege, and that cannot be reasonably inferred from the facts that it did allege. Here, the complaint included no allegation that State Farm announced it would not perform or could not do so. *See Space Ctr., Inc.*, 298 N.W.2d at 450–51 (explaining anticipatory breach occurred because "[b]oth parties knew defendants could not and would not perform, and that they did not intend to do so," not because the plaintiff "simply doubt[ed] defendants' ability to perform"). Nor does the complaint contain allegations that State Farm expressly renounced its obligations under the insurance policy before CVC sued. *See id.* at 450. An allegation of silence alone is insufficient under these facts.[7]

---

[7]    CVC argues that we must construe the insurance policy and statutory appraisal provisions, Minn. Stat. § 65A.01, subd. 3, in its favor and determine that a limitations period defeating its ability to exercise its right to appraisal ought not to be enforced. Although we need not consider this argument because it was improperly raised for the first time in a reply brief when State Farm had no opportunity to respond, *see Moorhead Econ. Dev. Auth. v. Anda*, 789 N.W.2d 860, 887 (Minn. 2010), we address it because it fails on its merits. The issue before us is whether CVC's complaint presents a justiciable controversy, without which the district court did not have jurisdiction. *Growe*, 2 N.W.3d at 499; Minn. R. Civ. P. 12.08(c). Even if we were to accept CVC's argument that the insurance policy should be construed in its favor and the limitations period should be held

21

Separately, CVC argues that it was entitled to amend its complaint to allege additional facts supporting its breach-of-contract claim. At a minimum, CVC contends that the district court's dismissal without prejudice should have expressly preserved its right to refile.

But as State Farm correctly argues, CVC's request to amend its complaint is not properly before us for two reasons. First, CVC did not petition for our review of whether it should have been allowed to amend its complaint. "Generally, we do not address issues that were not raised in a petition for review." *See In re GlaxoSmithKline PLC*, 699 N.W.2d 749, 757 (Minn. 2005). Although we retain the discretion to consider such issues in the interests of justice, we decline to do so here. *Id.*; Minn. R. Civ. App. P. 103.04. Second, CVC did not properly move for leave to amend its complaint before the district court. "A party may amend a pleading once as a matter of course at any time before a responsive pleading is served" or "by leave of court or by written consent of the adverse party." Minn. R. Civ. P. 15.01. CVC did not amend its complaint as a matter of course, nor did it have written consent to do so from State Farm. Therefore, CVC's only avenue was by leave of the court. To do so, CVC would have needed to formally bring a motion for leave to amend before the district court. *See Forslund v. State*, 924 N.W.2d 25, 37 (Minn. App. 2019). It did not. Rather, in CVC's brief to the district court opposing State

---

unenforceable, that would not affect our conclusion that CVC's complaint did not allege a justiciable controversy.

Farm's motion to dismiss, CVC argued that it had a right to amend its complaint to allege that State Farm breached the contract after service of the original complaint. Requesting amendment of a complaint in a memorandum opposing a motion to dismiss does not put the issue properly before the district court. *Id.* Accordingly, this issue is not properly before us here. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988).

Moreover, as State Farm points out, amending the complaint would be an improper vehicle for CVC to add allegations of State Farm's conduct after it served the complaint. Such allegations are more appropriate for supplemental pleading. Minn. R. Civ. P. 15.04 (describing a supplemental pleading as one that "set[s] forth transactions, occurrences, or events which have happened since the date of the pleading sought to be supplemented"). And although a court may allow supplemental pleadings "whether or not the original pleading is defective in its statement of a claim for relief," *id.*, a supplemental complaint "cannot be used to remedy a defective cause of action set up in the original complaint," *Muirhead v. Johnson*, 46 N.W.2d 502, 505 (Minn. 1951). Therefore, even if CVC had properly supplemented its pleading, it would not affect the analysis of whether the complaint sets forth a justiciable controversy.

CVC's contention that the district court erred by not expressly granting it a right to refile its complaint is likewise not properly before us. CVC neither appealed the district court's order denying this relief nor petitioned for our review of the issue. *See GlaxoSmithKline PLC*, 699 N.W.2d at 757.

23

*     *     *

In sum, CVC failed to establish a justiciable controversy as to its breach-of-contract claim because it alleged only that a future denial of an appraisal or future refusal to pay an appraisal award might breach the insurance policy. This claim, like CVC's claim for declaratory judgment, is the very type of hypothetical dispute that invites an advisory opinion. The claims therefore must be dismissed.

## CONCLUSION

For the foregoing reasons, we affirm in part and reverse in part the decision of the court of appeals.

Affirmed in part, reversed in part.

24